UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JOSE NESTOR ARMENTERO-GONZALEZ** | **CIVIL ACTION NO. 1:26-CV-00357** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRIAN ACUNA, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (doc. 3) filed by Jose Nestor Armentero-Gonzalez ("Petitioner") through counsel. Petitioner is an immigration detainee at the River Correctional Center in Ferriday, Louisiana, seeking release from detention. According to the petition, Mr. Armentero-Gonzalez is a native and citizen of Cuba who entered the United States on August 6, 2022. Mr. Armentero-Gonzalez encountered immigration officials at the border. He was detained for a short period of time and then was released on a form I-220A Order of Release on Recognizance (ROR Order) on August 23, 2022, which is a form of conditional parole. *See* doc. 1-3. Mr. Armentero-Gonzalez was issued a form I-862 Notice to Appear (NTA) on August 4, 2022 which stated "you are an alien present in the United States who has not been admitted or paroled." *See* doc. 1-2. Mr. Armentero-Gonzalez was detained by US Immigration and Customs Enforcement (ICE) officers on December 11, 2025, at the Miami Immigration Court after his immigration case was dismissed. Mr. Armentero-Gonzalez was then transferred to River Correctional Center where he remains.

Petitioner challenges the lawfulness of his continued immigration detention. He therefore seeks an order from this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him from their custody. Petitioner asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 3) is **GRANTED in part** and **DENIED in part**.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within 21 days of the date of this Order.  Petitioner shall have seven days to reply.  After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

The Clerk of Court is **INSTRUCTED** that Shannon Smitherman with the U.S. Attorney's Office is to be provided a copy of this Order via email and granted access to the Petition for Writ of Habeas Corpus (doc. 1) and the docket in this matter.

**THUS DONE AND SIGNED** in chambers this 20th day of February, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**